NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VISHAL SINGH, <br><br>       Plaintiff - Appellee, <br><br> and <br><br> JESSICA WOODWARD, SCOTT TAYLOR, ERIK BOYD, VINNY SMITH, <br><br>       Plaintiffs, <br><br>   v. <br><br> JOHN JENAL, an individual, <br><br>       Defendant - Appellant, <br><br> and <br><br> CITY OF LOS ANGELES, a municipal entity, JEFFREY LEWIS, DOES, 3-10, inclusive, <br><br>       Defendants. | No. 24-809 <br><br> D.C. No. <br> 2:22-cv-01306-GW-AJR <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
George H. Wu, Senior District Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted February 6, 2025
Pasadena, California

Before: SCHROEDER, MILLER, and DESAI, Circuit Judges.

On July 17, 2021, Officer John Jenal of the Los Angeles Police Department used his baton to strike Vishal Singh, a journalist covering a public protest, bruising and fracturing Singh's right hand. Singh brought this action against Jenal, another officer, several unnamed defendants, and the City of Los Angeles, asserting various claims under state law and 42 U.S.C. § 1983, including excessive force in violation of the Fourth Amendment. The district court denied Jenal's motion for summary judgment based on qualified immunity, and Jenal now appeals. We dismiss the appeal for lack of jurisdiction.

We have jurisdiction over appeals from "final decisions of the district courts." 28 U.S.C. § 1291. Orders denying summary judgment are not final, so they are generally not appealable. *See Plumhoff v. Rickard*, 572 U.S. 765, 771 (2014). But there is an exception: Because qualified immunity is "an immunity from suit rather than a mere defense to liability," the Supreme Court has treated an order denying qualified immunity as effectively final and thus subject to immediate appeal. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis omitted). That rule, in turn, has its own exception: Although we may entertain an interlocutory appeal asking us "to review an issue of *law* determining entitlement to qualified immunity," *Estate of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021)

24-809

(emphasis added), we may not review any "portion of a district court's summary judgment order that, though entered in a 'qualified immunity' case, determines only a question of 'evidence sufficiency,' *i.e.*, which *facts* a party may, or may not, be able to prove at trial," *Johnson v. Jones*, 515 U.S. 304, 313 (1995) (emphasis added); *see also Peck v. Montoya*, 51 F.4th 877, 886 (9th Cir. 2022).

As the district court recognized, a key factor in the excessive-force analysis is whether Singh posed an immediate threat to the officers or others. *See Graham v. Connor*, 490 U.S. 386, 396 (1989); *Vos v. City of Newport Beach*, 892 F.3d 1024, 1031–32 (9th Cir. 2018). The district court explained that "[k]ey to *that* determination is whether [Jenal] had seen, or could or did see, that [Singh] was wearing a press pass and whether [Jenal] had seen, or could or did see, that the object in [Singh's] hand was a phone" rather than a weapon. In denying summary judgment, the court concluded that "[t]here is sufficient evidence in the record that a factfinder could reach alternative conclusions on those facts."

We lack jurisdiction over Jenal's appeal because it presents a challenge to the district court's assessment of material factual disputes. Jenal concedes that the law is clearly established that an officer may not use a baton to strike a non-threatening, law-abiding individual and thus, that if Singh's version of the facts is accepted, Jenal is not entitled to qualified immunity. Jenal's argument that he did not violate clearly established law rests on the factual premises that he did not

3                                                                                    24-809

perceive the object in Singh's raised, outstretched hand to be a phone and that he saw Singh as an immediate threat. But as we have explained, the district court determined that the evidence creates triable disputes of fact on those questions. Jenal's arguments to the contrary attack the sufficiency of the evidence, and they ignore the district court's determination that Jenal's body-worn camera video creates genuine disputes because it would allow a jury to infer that the relevant facts were known to him. *See White v. Pauly*, 580 U.S. 73, 77 (2017). Jenal also attempts to question the district court's determination that the factual disputes are material, but given his acceptance of the clearly established legal rules that govern this case, he is unable to explain why the factual disputes are not material.

**DISMISSED.**